# Exhibit "A"

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Sandra Dunn,<br>　　　　　　　　Plaintiff,<br>vs.<br>PMAB, LLC,<br>　　　　　　　　Defendant. | Case No. 2018-CP-40-5433<br><br>SUMMONS |

TO:    THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/Dave Maxfield
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: October 16, 2018
Columbia, South Carolina

ELECTRONICALLY FILED - 2018 Oct 16 10:07 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4005433

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF RICHLAND ) FIFTH JUDICIAL CIRCUIT

SANDRA DUNN

        Plaintiff,

v.

PMAB, LLC

        Defendant.

**COMPLAINT**

(JURY TRIAL REQUESTED)

Plaintiff, Sandra Dunn, by her undersigned counsel, for this Complaint against Defendant PMAB, LLC, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "PMAB"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against PMAB for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

## PARTIES

2. Plaintiff, Sandra Dunn ("Plaintiff"), is a natural person and a citizen of South Carolina, residing in Pickens County, South Carolina.

3. Defendant is a for-profit company headquartered in Charlotte, North Carolina, but transacting business in Pickens County, South Carolina.

## JURISDICTION AND VENUE

4. Federal and State Courts of South Carolina have concurrent subject matter jurisdiction over Plaintiff's actions brought under the Telephone Consumer Protection Act.

ELECTRONICALLY FILED - 2018 Oct 16 10:07 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4005433

This Court has personal jurisdiction over Defendant because it conducts business in the State of South Carolina, and a substantial part of the wrongful acts alleged in this Complaint were committed in South Carolina.

5. Venue is proper based on the non-residence of the Defendant and Defendant's election to conduct business in South Carolina.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

8. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

9. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C. Rcd. 559 (2008).

ELECTRONICALLY FILED - 2018 Oct 16 10:07 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4005433

10. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 564-65 ¶ 10 (2008).

11. Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff gave her express consent to Defendant to use an autodialer to call her cellular telephone within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10.

## FACTUAL ALLEGATIONS

### A.     Factual Allegations Regarding Defendant

12. Defendant "provides accounts receivable management and collection services. The Company offers business office services, collections, consulting, and data analytics tools for the health care sector..."   https://www.bloomberg.com/profiles/companies/0521126D:US-pmab-llc. Last accessed October 9, 2018.

### B.     Factual Allegations Regarding Plaintiff

13. Plaintiff was called by the Defendant in connection to a medical debt allegedly owed by the Plaintiff originally to Easley Hospital ("Debt"). Defendant has made several attempts to collect the Debt from the Plaintiff.

14. Plaintiff is a holder and owner of a cell phone ("Cellular Phone"), with service provided by Verizon, which was called by Defendant in its attempt to collect the Debt.

### C.     Factual Allegations Regarding Defendant's TCPA Violations

15. Plaintiff is the account holder and owner of the Cellular Phone and is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Sometime during the summer of 2015, in an attempt to collect on the alleged Debt, Defendant began placing numerous calls to Plaintiff's cellular telephone number ending in "7146".

17. Plaintiff made multiple verbal requests to Defendant to stop calling her Cellular Phone. Said requests to cease and desist phone calls include but are not limited to requests made on or around October 12, 2015 and several times thereafter. Plaintiff also sent written requests to defendant requesting not to call her.

18. Despite Plaintiff's requests to Defendant to cease calls, Defendant continued to call Plaintiff's Cellular Phone, on dates including but not limited to:
Jul 28, 2017; Aug 1, 2017; Aug 7, 2017; Aug 11, 2017; Aug 15, 2017; Aug 21, 2017; Sep 6, 2017; Sep 11, 2017; Sep 15, 2017; Oct 2, 2017; Oct 10, 2017; Oct 20, 2017; Oct 24, 2017; Nov 13, 2017; Nov 29, 2017; Mar 26, 2018

19. Some of the calls answered by the Plaintiff and placed by Defendant had: (1) pre-recorded voice message; or (2) a standard pause and gap before a live operator was available. Consequently, many, if not all, of the calls made by Defendant to Plaintiff on her Cellular Phone, including, but not limited to, the calls listed in paragraph 20 above, were made using an automatic telephone dialing system ("ATDS") and/or artificial or prerecorded voice.

20. Defendant did not obtain prior express consent to call Plaintiff on her Cellular Phone for purposes of attempting to collect the Debt. Alternatively, even if Defendant did have prior express consent to make TCPA regulated calls to Plaintiff's Cellular Phone, said prior express consent was explicitly revoked by the Plaintiff via repeated and unequivocal verbal and written requests to cease and desist phone calls.

21. Defendant is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

22. These calls caused Plaintiff severe emotional distress.

23. Defendant called the Plaintiffs multiples times a day causing disruption in her daily routine and severe stress and anxiety.

ELECTRONICALLY FILED - 2018 Oct 16 10:07 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4005433

24. Plaintiff has been damaged by these illegal calls because her privacy was improperly invaded, minutes were used from her cellular telephone plans, and he was forced to spend time tending to unwanted calls. *See Martin v. Leading Edge Recovery Solutions, LLC*, Case No. 11 C 5886, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (Lefkow, J.). Furthermore, Plaintiff also incurred injury including but not limited to severe emotional distress, value of time spent in an attempt to resolve this dispute with Defendant incurred as a direct result of Defendant's actions.

**D.      Factual Allegations Regarding Defendant's FDCPA Violations**

25. Since 2015, Defendant has contacted Plaintiff numerous times in an attempt to collect the Debt.

26. The alleged Debt stems from a personal medical bill, is primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692(a)5.

27. Plaintiff believes that the Debt arose from a billing and/or coding error committed by the Hospital and hence is not owed by the Plaintiff. Plaintiff has repeatedly notified Easley Hospital and the Defendant about this error and asked them to stop calling her in writing and over the phone. However, despite these explicit written and verbal instructions to cease phone calls and notifications regarding the wrongful collection attempts, Defendant has: (1) continued to collect the Debt; and (2) call Plaintiff's cell phone and home phone.

28. Plaintiff has suffered mental anguish and emotional distress due to Defendant's harassing and oppressive conduct.

29. Plaintiff was forced to disconnect her landline as a result of the harassing calls placed by Defendant.

30. Plaintiff was forced to hire an attorney in order to stop Defendant's unlawful attempts in attempting to collect the Debt, and to pursue damages against Defendant.

## FOR A FIRST CAUSE OF ACTION

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)(1)(A)

31. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

32. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

33. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff presumptively is entitled to an award of $500 in statutory damages for each and every call to her cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiff is also entitled to and do seek injunctive relief prohibiting the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## FOR A SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

35. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

ELECTRONICALLY FILED - 2018 Oct 16 10:07 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4005433

36. The foregoing acts and omissions of the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

37. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call to her cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

38. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

## FOR A THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 et seq.

39. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692g. More specifically, the Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692g(1). Defendant attempted to collect the Debt which was not owed in violation of 15 U.S.C. § 1692g.

ELECTRONICALLY FILED - 2018 Oct 16 10:07 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4005433

ELECTRONICALLY FILED - 2018 Oct 16 10:07 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4005433

41. Under the FDCPA, a "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692e. More specifically, the Act prohibits: "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" 15 U.S.C. § 1692e(5); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" 15 U.S.C. § 1692e(10). Defendant violated 15 U.S.C. § 1692e when it harassing Plaintiff via repeated calls to her cell phone and landline and attempted to collect a Debt which was not owed despite repeated notification from the Plaintiff.

42. Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692f. More specifically, the Act prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt" 15 U.S.C. § 1692f(2)(A). Defendant attempted to collect the Debt which was not owed in violation of 15 U.S.C. § 1692f.

43. Under the FDCPA, a "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt" 15 U.S.C. § 1692d. Defendant violated 15 U.S.C. § 1692d when it placed collection calls after receiving a written cease and desist request from the Plaintiff.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

45. Plaintiff is entitled to damages as a result of Defendant's violations.

46. Plaintiff suffered fear, stress, and anxiety because of Defendant's actions and has been required to disconnect her landline and to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to actual damages under

ELECTRONICALLY FILED - 2018 Oct 16 10:07 AM - RICHLAND - COMMON PLEAS - CASE#2018CP4005433

Syed Ali Saeed
SAEED & LITTLE, LLP
1433 N. Meridian Street, Suite 202
Indianapolis, Indiana 46202
Telephone: (317) 71-9214
Facsimile: 1-888-422-3151
Email: ali@sllawfirm.com

To be admitted *Pro Hac Vice*

October 15, 2018

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| Sandra Dunn, | |
| Plaintiff, | Case No. 2018-CP-40-5433 |
| Vs. | CERTIFICATE OF SERVICE |
| PMAB, LLC, | |
| Defendant. | |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the 16th day of October, 2018, I served the foregoing **Summons & Complaint**, by sending a copy of same by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested to the following:

PMAB, LLC
c/o Cogency Global Inc.
2 Office Park Court Suite 103
Columbia, SC 29223

_____
Janel Streater

DATED: October 16, 2018
Columbia, South Carolina

15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA.

B.  A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the FDCPA.

C.  An order enjoining Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

D.  An award to Plaintiff of damages, as allowed by law;

E.  An award to Plaintiff of attorneys' fees and costs, as allowed by law and/or equity;

F.  Leave to amend this Complaint to conform to the evidence presented at trial; and

G.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ Dave Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com